THE MLNARIK LAW GROUP, INC
John L. Mlnarik [SBN: 257882]
Angie Y.C. Tong [SBN: 262317]
2328 Walsh Avenue, Suite H
Santa Clara CA  95051
Telephone: 408-919-0088
Facsimile:  408-919-0188

Attorneys for Debtor
RICHARD R. FLAYLER & MAY L. FLAYLER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In Re:<br><br>RICHARD R. FLAYLER & MAY L. FLAYLER<br><br>Debtors | Chapter 13<br><br>Bankruptcy No. 10-49744<br><br>Date:   September 24, 2010<br>Time:  10:00 A.M.<br>Room: 215<br><br>HON. EDWARD D. JELLEN |

**OPPOSITION OF DEBTORS TO MOTION FOR RELIEF FROM STAY**

Debtors oppose the motion of COMERICA BANK (the "Movant") for relief from stay on the grounds that it is based on law or fact and request fees and sanctions as the court deems appropriate.

Debtors' counsel contacted counsel for Movant shortly after the instant motion was filed, revealing the following deficiencies and the cost Debtors would incur in opposing the motion (see Declaration of John L. Mlnarik in opposition to the Motion for Relief from Stay Page 2, Paragraph 4). Movant refused to withdraw the motion and Debtors pray that the court enter an order providing for fees and costs as well as prohibiting Movant from passing the cost of the instant motion on to Debtors within or outside of bankruptcy.

///

Movant filed this motion on September 3, 2010 pursuant 11 U.S.C. §362(d) and B.L.R. 4000-1 on the grounds that cause exists to warrant relief, specifically stating that Movant lacks adequate protection (see Motion for Relief from Stay, filed as Docket #14, Page 1 Lines 23 – 25). However, Movant's own declaration in support of the Motion for Relief from Stay states that the property has a value of $565,000.00 (see Declaration of David W. Zittlow in Support of Motion for Relief from Stay, filed as Docket #19, Page 2 Line 26).

**MOVANT IS ADEQUATELY PROTECTED**

The Movant is adequately protected in an amount no less than $85,000 and has admitted so in documents filed in support of their motion (see Declaration of David W. Zittlow filed by Movant in Support of their Motion for Relief from Stay, Docket #19).

Subtracting from the Property's stated value of $565,000.00 the value of a senior lien in the amount of $285,492.00 and Movant's lien of $185,000.00 leaves $94,508.00 of equity in the property by which Movant's claim is secured. The interest, fees and costs of Movant are in dispute, but even assuming Movant's figures are correct, arrears on the Property total less than $7,000. (see Declaration of David W. Zittlow filed by Movant in Support of their Motion for Relief from Stay, Docket #19, Page 2 Paragraph 7).

**DEBTORS ARE CURRENT POST PETITION**

The Debtors have been current since filing their case on August 25, 2010. The Debtors made their post-petition payment to the Movant on or about September 1, 2010 as it came due and within the applicable grace period (see Declaration of Richard R. Flayler, Page 2, Paragraph 5).

**PROPERTY IS NECESSARY FOR REORGANIZTION**

The Property is Debtors' primary residence where they live with their children (see Declaration of Richard R. Flayler, Page 1, Paragraph 3). Without similar accommodations available to the Debtors at a lower price, the Property is necessary for their reorganization. Furthermore, despite sharp declines in home values in neighborhoods where the Property is located,

Debtors have equity in their property. A grant of relief and forcing Debtors to extinguish that equity would inhibit their ability to effectively reorganize and recover from the current recession.

Debtors' counsel received no communication from Movant prior to receiving the instant motion for relief from stay (see Declaration of John L. Mlnarik, Page 1 Paragraph 2). Furthermore, Movant waited less than 10 calendar days from the day Debtors filed for bankruptcy protection before they filed the instant motion.

## MOTION LACKS FACTUAL SUPPORT

A motion for relief from stay must be supported by competent evidence of fact in order to have been properly brought before the court. When a creditor moves for relief from stay the motion shall be supported by competent evidence (see B.L.R. 4001-1(a)). In this case, the Movant's motion states broadly that the creditor is not adequately protected, but that very allegation is inconsistent and contradictory of the declaration of David W. Zittlow, a Vice President at Comerica Bank, filed along with the motion. Because this creditor is adequately protected and because no other reason for the court to grant relief has been plead, the motion should be denied.

## MOTION LACKS AN ACCOUNT STATEMENT

A motion for relief from stay based on a failure to make pre or post petition payments on the obligation shall include an account statement (see B.L.R. 4001-1 (g)). In this case, none of the paperwork filed by Movant included the account summary required under B.L.R. 4001-1 (g). Because no account statement has been provided the court must deny the instant motion on the basis that Debtors failed to make pre or post petition payments.

## ATTORNEYS FEES AND SANCTIONS

The lack of legal and factual support for Movant's motion has adversely impacted Debtors financial situation and absent an award of attorney's fees and costs by the court, Debtors' ability to reorganize will be compromised. Furthermore, any attempt by Movant to recover the costs they incurred in hiring counsel to bring the instant motion should be prohibited by court order.

- **Local Rule Provides for monetary remedies**

3

OPPOSITION OF DEBTORS TO MOTION FOR RELIEF FROM STAY

Case: 10-49744    Doc# 23    Filed: 09/21/10    Entered: 09/21/10 16:48:01    Page 3 of 4

The court has available Local Rule 4001-1(g)(3) which provides for monetary remedies as it deems appropriate.

- **Contractual Award of Attorneys Fees**

The court can also award attorneys fees and costs based on the attorneys fees provision in the parties contract and in accordance with Cal. Civ. Code § 1717 (see *Tran v. Sea Win, Inc. 301 B.R. 576* and *In re: Huang Tan Pham 250 B.R. 93*).

- **Sanctions under Rule 9011**

Finally, the court may on its own initiative enter an order to show cause as to why Movant has not violated Bankruptcy Rule 9011 subdivision (b). Here Movant signed the instant Motion representing to the court that, among other things, Comerica Bank was not adequately protected. Had counsel for Movant made a reasonable inquiry into the value of the property, the value of priority liens, etc, it would have been revealed that no motion for relief was necessary.

Absent cause for the instant motion, it would appear that the motion has been filed simply to harass Debtors and cause them a needless increase in the cost of their bankruptcy litigation.

## CONCLUSION

The motion for relief from stay filed by Comerica Bank is not supported by law or fact and should be denied. To prevent the future harassment and increased cost of bankruptcy litigation, the court should include in its order denying the motion an award of fees for the expense of defending the motion as well as sanctions in an amount sufficient to deter Movant from taking future action in conformity herewith.

THE MLNARIK LAW GROUP, INC.

Dated: 09/21/2010        /s/ John L. Mlnarik
                         JOHN L. MLNARIK
                         Attorney for Debtors

4