1　THE MLNARIK LAW GROUP, INC
　　John L. Mlnarik [SBN: 257882]
2　Angie Y.C. Tong [SBN: 262317]
　　2328 Walsh Avenue, Suite H
3　Santa Clara CA  95051
　　Telephone: 408-919-0088
4　Facsimile:  408-919-0188

5　Attorneys for Debtors
　　RICHARD R. FLAYLER & MAY L. FLAYLER

6

7　　　　　　　　**UNITED STATES DISTRICT COURT**
　　　　　　　　**NORTHERN DISTRICT OF CALIFORNIA**
8　　　　　　　　**OAKLAND DIVISION**

9　In Re:　　　　　　　　　　　　　Chapter 13

10　RICHARD R. FLAYLER & MAY L.　　Bankruptcy No. 10-49744
　　FLAYLER
11　　　　　　　　　　　　Debtors

12　　　　　　　　　　　　　　　Date:　September 24, 2010
　　　　　　　　　　　　　　　　　Time:　10:00 A.M.
13　　　　　　　　　　　　　　　Room: 215

14
　　　　　　　　　　　　　　　　HON. EDWARD D. JELLEN
15

16

17　　　　**DECLARATION OF JOHN L. MLNARIK IN OPPOSITION**
　　　　　**TO MOTION FOR RELIEF FROM STAY**

18
　　　　　I, John L. Mlnarik, declare:
19
　　1.　I am an attorney duly licensed to practice in the State of California and before the Federal
20
　　　　Courts in the Northern District of California and am the principal shareholder of The Mlnarik
21
　　　　Law Group, Inc.  I make this declaration of my own personal knowledge and if called as a
22
　　　　witness I could and would competently testify thereto.
23
　　2.　I was not contacted by anyone from Comerica Bank (the "Bank") regarding the instant case
24
　　　　prior to receiving notice of their motion for relief from stay via ECF late in the day on Friday,
25
　　　　September 3, 2010.
26
　　3.　Attached hereto as Exhibit A is a true and correct copy of e-mail correspondence dated
27
　　　　September 7, 2010 from myself to attorney for the Bank, Breck E. Milde ("Milde").
28　///

4. On Tuesday, September 7, 2010 at approximately 1:14 p.m. in the afternoon I e-mailed Milde and pointed out to him the deficiencies of a motion he had filed the previous Friday, September 3, 2010, that we believed it to have been filed in error and requested that it be immediately withdrawn.

5. Prior to e-mailing Milde I made several attempts to contact him by phone, leaving messages that went unanswered.

6. Attached hereto as Exhibit B is a true and correct copy of e-mail correspondence I received from Milde on Wednesday, September 8, 2010 at approximately 8:23 p.m.

7. In his response, Milde indicates that the Bank did not file the motion by mistake and that it would not be withdrawn until Debtors agreed to post petition interest on arrears of $6,544.57 and stipulated to an Adequate Protection Order.

8. Attached hereto as Exhibit C is a true and correct copy of e-mail correspondence dated September 20, 2010 from myself to Milde attaching a copy of a cancelled check proving that Debtors had made their September payment to the Bank.

9. On September 20, 2010 at approximately 2:23 p.m. in the afternoon I again requested that the motion for relief from stay be withdrawn, pointed out additional problems with the Bank's motion and requested adequate assurances that Debtors would not be forced to pay for the cost of the motion.

10. Attached hereto as Exhibit D is a true and correct copy of e-mail correspondence dated September 20, 2010 which I received on September 20, 2010 at approximately 5:06 p.m. from Milde.

11. Milde again refused to withdraw the Bank's motion for relief from stay and reiterated the conditions upon which the motion would be withdrawn.

12. Despite my request for an unredacted copy of the note and deed of trust on which Bank based their interest, Milde indicated he could send me a copy "if your clients do not have copies of the loan documents they executed, or they are having trouble reading them…"

13. Attached hereto as Exhibit E is a true and correct copy of the Proof of Claim filed by Bank in the instant case. Page 2 (two) of the proof of claim lists an item 7 "Abbreviated documents are attached. Complete documents will be provided upon request."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 21st, 2010 at Santa Clara, California.

/s/ John L. Mlnarik
JOHN L. MLNARIK

3

## John Mlnarik

| | |
|---|---|
| **From:** | John Mlnarik |
| **Sent:** | Tuesday, September 07, 2010 1:14 PM |
| **To:** | 'bmilde@terra-law.com' |
| **Cc:** | angie@mlnariklaw.com |
| **Subject:** | In re: Flayler: Case # 10-49744-EDJ-13 |
| **Attachments:** | #19 - Declaration Sup of Mot for Rlf 090310.pdf; #14 - Mot for RFAS 090310.pdf; #15 - Not of Hrg on Mot for RFAS 090310.pdf; #2 - Ch 13 Plan 082510.pdf |

| | |
|---|---|
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Breck E. Milde:

This office believes that you have mistakenly caused to be filed the attached Motion for relief from stay in the above-mentioned case for the following reasons.

1) Your client is adequately protected by over $90,000 in equity and you admit the same in the declaration in support (see attached #19),
2) Debtors have provided for payment of the arrears through their Ch 13 plan (see attached #2),
3) Debtors remain post-petition current on the loan, and
4) Nowhere in your moving papers do you state a legal basis under which relief on these facts could be granted (see attached #14).

We hereby demand that you immediately withdraw your motion so that debtors do not incur the costs and fees of opposing the motion and appearing at the hearing you have scheduled. Your failure to take action will result in our filing with the court the appropriate motion to request fees, costs and sanctions.

Thank you for your prompt attention to this matter.

Regards,

JOHN L. MLNARIK
ATTORNEY-AT-LAW

# MLNARIK

THE MLNARIK LAW GROUP, INC.

2328 Walsh Avenue, Suite H
Santa Clara, CA 95051
Office: 408-919-0088
Fax: 408-919-0188
www.mlnariklaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not
the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at john@mlnariklaw.com or by telephone at (408) 919-0088, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

## John Mlnarik

| From: | BMilde [BMilde@terra-law.com] |
|---|---|
| Sent: | Wednesday, September 08, 2010 8:23 PM |
| To: | John Mlnarik |
| Cc: | angie@mlnariklaw.com |
| Subject: | RE: In re: Flayler: Case # 10-49744-EDJ-13 |

| Sensitivity: | Confidential |
|---|---|

Mr. Mlnarik,

Thanks for your email. The motion was not filed "mistakenly" and will not be withdrawn, absent an acceptable adequate protection stipulation.

Debtors' proposed plan is defective and not confirmable for a number of reasons, as will be detailed in an objection to confirmation that my client intends to file. Debtor is not paying interest on the arrearages, which my client is entitled to collect. The applicable interest rate is 6.5%, which is not the full default rate of 21%. The arrearages are understated and actually total $6544.57. Finally, my client informs me that debtor is not current on post-petition payments.

If your clients will agree to correct these issues, and enter into a stipulation that will also be incorporated into their plan, we can resolve the motion.

Also, I was advised by Judge Jellen's clerk that the September 17 hearing date is not available, and the motion will be re-noticed for September 24.

Breck E. Milde
TERRA LAW LLP
177 Park Ave., Third Floor
San Jose, CA 95113
USA
(408) 299-1200 tel.
(408) 998-4895 fax

---

**From:** John Mlnarik [mailto:john@mlnariklaw.com]
**Sent:** Tuesday, September 07, 2010 1:14 PM
**To:** BMilde
**Cc:** angie@mlnariklaw.com
**Subject:** In re: Flayler: Case # 10-49744-EDJ-13
**Importance:** High
**Sensitivity:** Confidential

Breck E. Milde:

This office believes that you have mistakenly caused to be filed the attached Motion for relief from stay in the above-mentioned case for the following reasons.

1) Your client is adequately protected by over $90,000 in equity and you admit the same in the declaration in support (see attached #19),
2) Debtors have provided for payment of the arrears through their Ch 13 plan (see attached #2),
3) Debtors remain post-petition current on the loan, and
4) Nowhere in your moving papers do you state a legal basis under which relief on these facts could be granted (see attached #14).

We hereby demand that you immediately withdraw your motion so that debtors do not incur the costs and fees of opposing the motion and appearing at the hearing you have scheduled. Your failure to take action will result in our filing with the court the appropriate motion to request fees, costs and sanctions.

Thank you for your prompt attention to this matter.

Regards,

JOHN L. MLNARIK
ATTORNEY-AT-LAW



THE MLNARIK LAW GROUP, INC.
2328 Walsh Avenue, Suite H
Santa Clara, CA 95051
Office: 408-919-0088
Fax: 408-919-0188
www.mlnariklaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not
the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at john@mlnariklaw.com or by telephone at (408) 919-0088, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

EXHIBIT C

## John Mlnarik

| | |
|---|---|
| **From:** | John Mlnarik |
| **Sent:** | Monday, September 20, 2010 2:23 PM |
| **To:** | 'BMilde' |
| **Cc:** | angie@mlnariklaw.com |
| **Subject:** | RE: In re: Flayler: Case # 10-49744-EDJ-13 |
| **Attachments:** | Check Image Comerica Cashed.pdf |

| | |
|---|---|
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Mr. Milde,

Please find attached an image of the check your client cashed for the post-petition payment that came due after this case was filed at the end of August.

We reiterate our earlier detail of the facts of this case wherein your client is protected by a substantial equity cushion, Debtor is post-petition current, and provides for payment of arrears through his plan.

Your client's proof of claim is conveniently deficient as well and we hereby request a full unredacted copy of the Note and Deed of Trust in which your client claims to have an interest.

Furthermore, your motion for relief does not comply with BLR 4001-1(g).

Withdraw your motion and provide us with assurances that Debtors will not be burdened with the cost of your motion in this proceeding or outside of bankruptcy.

Regards,


JOHN L. MLNARIK
ATTORNEY-AT-LAW



THE MLNARIK LAW GROUP, INC.
2328 Walsh Avenue, Suite H
Santa Clara, CA 95051
Office: 408-919-0088
Fax: 408-919-0188
www.mlnariklaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not
the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at john@mlnariklaw.com or by telephone at (408) 919-0088, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

**From:** BMilde [mailto:BMilde@terra-law.com]
**Sent:** Wednesday, September 08, 2010 8:23 PM
**To:** John Mlnarik
**Cc:** angie@mlnariklaw.com
**Subject:** RE: In re: Flayler: Case # 10-49744-EDJ-13
**Sensitivity:** Confidential

Mr. Mlnarik,

Thanks for your email. The motion was not filed "mistakenly" and will not be withdrawn, absent an acceptable adequate protection stipulation.

Debtors' proposed plan is defective and not confirmable for a number of reasons, as will be detailed in an objection to confirmation that my client intends to file. Debtor is not paying interest on the arrearages, which my client is entitled to collect. The applicable interest rate is 6.5%, which is not the full default rate of 21%. The arrearages are understated and actually total $6544.57. Finally, my client informs me that debtor is not current on post-petition payments.

If your clients will agree to correct these issues, and enter into a stipulation that will also be incorporated into their plan, we can resolve the motion.

Also, I was advised by Judge Jellen's clerk that the September 17 hearing date is not available, and the motion will be re-noticed for September 24.

Breck E. Milde
TERRA LAW LLP
177 Park Ave., Third Floor
San Jose, CA 95113
USA
(408) 299-1200 tel.
(408) 998-4895 fax

**From:** John Mlnarik [mailto:john@mlnariklaw.com]
**Sent:** Tuesday, September 07, 2010 1:14 PM
**To:** BMilde
**Cc:** angie@mlnariklaw.com
**Subject:** In re: Flayler: Case # 10-49744-EDJ-13
**Importance:** High
**Sensitivity:** Confidential

Breck E. Milde:

This office believes that you have mistakenly caused to be filed the attached Motion for relief from stay in the above-mentioned case for the following reasons.

1) Your client is adequately protected by over $90,000 in equity and you admit the same in the declaration in support (see attached #19),

2

2)  Debtors have provided for payment of the arrears through their Ch 13 plan (see attached #2),
3)  Debtors remain post-petition current on the loan, and
4)  Nowhere in your moving papers do you state a legal basis under which relief on these facts could be granted (see attached #14).

We hereby demand that you immediately withdraw your motion so that debtors do not incur the costs and fees of opposing the motion and appearing at the hearing you have scheduled.  Your failure to take action will result in our filing with the court the appropriate motion to request fees, costs and sanctions.

Thank you for your prompt attention to this matter.

Regards,

JOHN L. MLNARIK
ATTORNEY-AT-LAW



THE MLNARIK LAW GROUP, INC.
2328 Walsh Avenue, Suite H
Santa Clara, CA  95051
Office: 408-919-0088
Fax: 408-919-0188
www.mlnariklaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not
the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at john@mlnariklaw.com or by telephone at (408) 919-0088, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

## John Mlnarik

| | |
|---|---|
| **From:** | BMilde [BMilde@terra-law.com] |
| **Sent:** | Monday, September 20, 2010 5:06 PM |
| **To:** | John Mlnarik |
| **Cc:** | angie@mlnariklaw.com |
| **Subject:** | RE: In re: Flayler: Case # 10-49744-EDJ-13 |
| | |
| **Sensitivity:** | Confidential |

Mr. Mlnarik,

Thank you for confirming that your clients made a late post-petition payment.  Please advise them that the payments should be made timely in the future.

As stated earlier, my client will withdraw its motion provided yours enter into a stipulation for adequate protection, and correct the deficiencies in their proposed plan.

I don't know what you are referring to about my client's proof of claim being "conveniently deficient" or that the attached documents are "redacted."  If your clients do not have copies of the loan documents they executed, or they are having trouble reading them, we'd be happy to send them (and/or you) another copy.

Breck E. Milde
TERRA LAW LLP
177 Park Ave., Third Floor
San Jose, CA 95113
USA
(408) 299-1200 tel.
(408) 998-4895 fax

**From:** John Mlnarik [mailto:john@mlnariklaw.com]
**Sent:** Monday, September 20, 2010 2:23 PM
**To:** BMilde
**Cc:** angie@mlnariklaw.com
**Subject:** RE: In re: Flayler: Case # 10-49744-EDJ-13
**Importance:** High
**Sensitivity:** Confidential

Mr. Milde,

Please find attached an image of the check your client cashed for the post-petition payment that came due after this case was filed at the end of August.

We reiterate our earlier detail of the facts of this case wherein your client is protected by a substantial equity cushion, Debtor is post-petition current, and provides for payment of arrears through his plan.

Your client's proof of claim is conveniently deficient as well and we hereby request a full unredacted copy of the Note and Deed of Trust in which your client claims to have an interest.

Furthermore, your motion for relief does not comply with BLR 4001-1(g).

Withdraw your motion and provide us with assurances that Debtors will not be burdened with the cost of your motion in this proceeding or outside of bankruptcy.

1

Regards,

JOHN L. MLNARIK
ATTORNEY-AT-LAW

# MLNARIK
THE MLNARIK LAW GROUP, INC.

2328 Walsh Avenue, Suite H
Santa Clara, CA 95051
Office: 408-919-0088
Fax: 408-919-0188
www.mlnariklaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not
the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at john@mlnariklaw.com or by telephone at (408) 919-0088, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

---

**From:** BMilde [mailto:BMilde@terra-law.com]
**Sent:** Wednesday, September 08, 2010 8:23 PM
**To:** John Mlnarik
**Cc:** angie@mlnariklaw.com
**Subject:** RE: In re: Flayler: Case # 10-49744-EDJ-13
**Sensitivity:** Confidential

Mr. Mlnarik,

Thanks for your email. The motion was not filed "mistakenly" and will not be withdrawn, absent an acceptable adequate protection stipulation.

Debtors' proposed plan is defective and not confirmable for a number of reasons, as will be detailed in an objection to confirmation that my client intends to file. Debtor is not paying interest on the arrearages, which my client is entitled to collect. The applicable interest rate is 6.5%, which is not the full default rate of 21%. The arrearages are understated and actually total $6544.57. Finally, my client informs me that debtor is <u>not</u> current on post-petition payments.

If your clients will agree to correct these issues, and enter into a stipulation that will also be incorporated into their plan, we can resolve the motion.

Also, I was advised by Judge Jellen's clerk that the September 17 hearing date is not available, and the motion will be re-noticed for September 24.

Breck E. Milde
TERRA LAW LLP
177 Park Ave., Third Floor
San Jose, CA 95113
USA
(408) 299-1200 tel.
(408) 998-4895 fax

---

**From:** John Mlnarik [mailto:john@mlnariklaw.com]
**Sent:** Tuesday, September 07, 2010 1:14 PM
**To:** BMilde
**Cc:** angie@mlnariklaw.com
**Subject:** In re: Flayler: Case # 10-49744-EDJ-13
**Importance:** High
**Sensitivity:** Confidential

Breck E. Milde:

This office believes that you have mistakenly caused to be filed the attached Motion for relief from stay in the above-mentioned case for the following reasons.

1) Your client is adequately protected by over $90,000 in equity and you admit the same in the declaration in support (see attached #19),
2) Debtors have provided for payment of the arrears through their Ch 13 plan (see attached #2),
3) Debtors remain post-petition current on the loan, and
4) Nowhere in your moving papers do you state a legal basis under which relief on these facts could be granted (see attached #14).

We hereby demand that you immediately withdraw your motion so that debtors do not incur the costs and fees of opposing the motion and appearing at the hearing you have scheduled. Your failure to take action will result in our filing with the court the appropriate motion to request fees, costs and sanctions.

Thank you for your prompt attention to this matter.

Regards,

JOHN L. MLNARIK
ATTORNEY-AT-LAW



THE MLNARIK LAW GROUP, INC.

2328 Walsh Avenue, Suite H
Santa Clara, CA 95051
Office: 408-919-0088
Fax: 408-919-0188
www.mlnariklaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not
the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that

any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at john@mlnariklaw.com or by telephone at (408) 919-0088, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: **Flayler, Richard & May** | Case Number: **10-49744** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Comerica Bank

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|

Name and address where notices should be sent:

**Comerica Bank**
    **Attn: D. Zittlow MC-4841**
    **333 W. Santa Clara St.**
Telephone number: **San Jose, CA 95113**

    **(408) 556-5835**

*FILED UM 12-11*

*FILED SEP -7 2010 BANKRUPTCY COURT OAKLAND, CALIFORNIA*

Court Claim Number: _____
*(If known)*

Filed on: _____

| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**  $ **191,544.57**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** **Money Loaned**
    (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** **0773**

    **3a.** Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$ **565,000**  Annual Interest Rate **6.25**%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ **191,544.57**  Basis for perfection: **Trust Deed**

Amount of Secured Claim: $ **191,544.57**  Amount Unsecured: $ **N/A**

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br><br>**9/1/2010** | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*David W. Zittlow*    **David W. Zittlow, FVP** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

```
LON4 REQ: 0112      CURRENT FINANCIAL/PAYOFF   08/30/10  PAGE 0001 OF 0001
BANK: 48   AP: 1    OBGOR: 2812030773   OBGAT: 0000000034    FLAYLER RICHARD
DATE: 082510   CHG CD:      INCLUDE ESCROW AMOUNT(Y/N): Y PAGE:
            RATE         BASIS        DAILY EARNINGS        AMOUNT DUE
INT  100   6.25000000  4 ACT 360          32.11806            5,090.07
FEE  557    .00000000  9 MANUAL             .00000                 .00
LATE                                                             30.00

PROC TYPE: 6151 ELOC NOTE   REVOLVING      NOT A TAKEDOWN
OBLN TYPE: 552        COLL TYPE: 100    SECURED   : 0   NOT  ENTERED
EFF DATE : 02-01-02   MAT DATE :        DISC CODE : 0   NOT  ENTERED
SVC UNIT : 00008      ASSN UNIT: 95746             :
CONT OFF : 48024      GL CODE  : 0013648           :
TKDWN OBR:            STAT CD: 7  PRIN RECAP        :
TKDWN OBN:                                         :
                                                   :
LC FRMULA: 700                                     :
PN FRMULA: 000                        CURR BAL  :        185,000.00
                                      INT EARNED :          5,090.07
                                      LATE CHARG :             30.00
AMT TO BE CURR:       3,766.11        ---------------------
                                                 :
                PAYOFF AS OF 08-25-10 :                  190,120.07
```

*FORECLOSURE TRUSTEE FEES  1,424.50*
*191,544.57*

Item 1.  The above details interest and late charges included in claim amount.

Item 7.  Abbreviated documents are attached.  Complete documents will be provided upon request.

## BUSINESS EXECUTIVE LINE
### Loan Agreement and Note

| Borrower(s) Name Richard Flayler and Kay Flayler | Loan Number |
|---|---|
| 83 Rosewood Court<br>Livermore, CA 94550 | Credit Limit $185,000.00 |

**Section 1. The Line of Credit.** Subject to the terms and conditions of this Loan Agreement and Note ("Agreement") Comerica Bank-California ("Bank") hereby provides to Richard Flayler and Kay Flayler ("Borrower"), a business line of credit ("Line of Credit") in the amount of One Hundred Eighty Five Thousand and no/100 Dollars ($ 185,000.00 ) ("Credit Limit").

**Section 2. Promise to Pay.** For value received, on Demand the undersigned Borrower(s) jointly and severally promise to pay to Bank at its Comerica Bank-California office in the City of San Jose , California, or to order, the total unpaid principal amount hereunder advanced by Bank from time to time to or for the benefit of Borrower in accordance with the terms hereof, together with interest thereon from the date of the advances until paid, and fees and charges that may be assessed by the Bank from time to time. Principal, interest and fees and charges are payable in lawful money of the United States.

**Section 3. Collateral.** The obligations of the undersigned under this note are subject to the terms of Deed of Trust _____. If this is a deed of trust, it contains the following provisions:

"That upon default by Trustor or Obligor in the performance of any payment or other obligation secured hereby or in the performance of any agreement hereunder or if the trustor shall sell, convey or alienate said property or any part thereof, or any interest therein, or shall be divested of his title, or any interest therein, in any manner or way, whether voluntary or involuntary, any indebtedness or obligation secured thereby, irrespective of the maturity dates expressed in any note evidencing the same, at the option of the holder hereof, and without demand or notice, shall immediately become due and payable. If there is procured from Beneficiary an agreement or waiver resulting in the non-exercise by Beneficiary of such option in any certain instance or on any particular occasion, then in that event any privilege or option now in effect to pay said indebtedness or any part thereof prior to the date the same would be delinquent if not paid, is thereupon and thereby waived and terminated."

**Section 4. Guarantor.** _____ continuing guarantee(s) of _____ shall secure the full and timely payment of principal, interest, and all other amounts due under the Line of Credit and any renewal thereof.

**Section 5. Advances.** You may borrow money up to your authorized Credit Limit under the term of this agreement by writing checks which the Bank will provide to you for your Account, or by borrowing in other ways the Bank establishes. The Bank will pay any properly completed and signed check presented to it for payment except if this agreement provides differently. You agree to repay the Bank for all credit extended under this agreement, as well as the finance charges and all other charges described below. You agree not to write any checks against your Account for less than $1,000. The Bank may, but is not obligated to pay checks written for less than this amount. You are entitled to borrow from your Account only up to the amount of your Credit Limit. The Bank may, but is not obligated to, advance any funds if your Account balance would be over your Credit Limit after this borrowing. Your Credit Limit is shown above.

**Section 6. Interest.** You will pay interest if, at the end of any day during the billing cycle, there is an outstanding principal balance on your Account. This interest will begin to accrue on the date a check is presented to the Bank for payment or an advance is posted to your Account.

The Bank figures the finance charge for each billing cycle by applying the daily periodic interest rate to the product of the "Average Daily Principal Balance" of the Account times the number of days in the billing cycle. To get the "Average Daily Principal Balance" (including current transactions), the Bank takes the beginning principal balance of your Account each day, add any new advances and subtract any principal payments and credits. This gives the Bank the daily principal balance. Then the Bank adds up all the daily principal balances for the billing cycle and divide by the number of days in the billing cycle. This gives the Bank the "Average Daily Principal Balance". You can verify these calculations by multiplying the periodic interest rate times the average daily principal balance and multiplying that product by the number of days in the billing cycle.

The "daily periodic interest rate" for the billing cycle will be based on Bank's Base Rate, as of the close of business on the fifteenth day (or the following business day if the fifteenth is not a business day) of the preceding month. Adjustments to the interest rate may occur as the Bank's Base Rate changes. The Bank's Base Rate is subject to change at the discretion of the Bank. To the Bank's Base Rate, the Bank will add a margin of 0.250 %. Then, the ANNUAL PERCENTAGE RATE for the billing cycle will be divided by 360 to get the "daily periodic interest rate" for the billing cycle.

**Section 7.** " Effective Date: Finance Charges" will accrue from the effective date of the transaction until the day we receive payment in full. The effective date for an advance made by check is the date the item is presented to us for payment; for all other advances the effective date is our processing date.:

**Section 8. Fees.** a) Borrower shall pay to Bank a non-refundable loan fee for the Line of Credit in the amount of N/A _____ Dollars ($ N/A ). In addition, you must pay these other charges:

N/A

These fees and charges will be posted to your Account on the day it is opened, as your first borrowing. If you want to avoid paying interest on this initial borrowing, you may pay these fees on or before your Account opening day, which is estimated to be February 06, 2002.

b) Research and Photocopy Fees. Except in connection with a billing error inquiry, Borrower shall pay to Bank a fee of Twenty Dollars ($20.00) per hour for any research requested or authorized by Borrower with respect to the Line of Credit and a fee of One Dollar ($1.00) per copy for any photocopies of any documents requested or authorized by Borrower with respect to the Line of Credit.

CA EXEC DEMAND (2-97)

**Section 9. Purpose.** Advances under the Line of Credit may be used only for short term working capital purposes in Borrower's business. Advances may not be used for personal, family, or household purposes, to purchase or carry investment securities, to finance the purchase of real property or to make any long term investment.

**Section 10. Billing Cycles; Payment Notice; Total Due.** As used herein, the following terms shall have the meanings set forth after each:

a) "Billing Cycles" means the regularly recurring monthly periods established for the purpose of billing Borrower for amounts due under the Line of Credit.

b) "Payment Notice" means the billing statement sent to Borrower by Bank approximately sixteen (16) days prior to the end of each Billing Period.

c) "Total Due" means the amount at any time shown on any Payment Notice as the amount required to be paid by Borrower for a Billing Period, and (i) with respect to all outstanding Advances under the Line of Credit, includes all interest then due, and all fees and charges assessed by Bank and (ii) with respect to any Line of Credit, (converted to a term loan or otherwise) with principal being repaid in accordance with terms specifically agreed to in writing between Bank and Borrower, the portion of the principal and interest then due.

**Section 11. Payment Schedule.** You agree to make minimum monthly payments equal to the sum of (a) the interest charged to your Account during the billing cycle, plus (b) any past due amount, plus (c) any amount by which your balance exceeds your established credit limit.

**Section 12. Alternate Minimum Payment Schedule.** The Bank, at any time upon not less than 30 days advance written notice to you, may change the amount of your minimum monthly payments.

**Section 13. Late Charge.** A late payment charge equal to 5% of each late payment may be charged on any payment not received by the Bank within 10 calendar days after the payment due date, but acceptance of payment of this charge shall not waive any Default under this agreement.

**Section 14.** The Bank may pay Credit Line checks written and signed by you or other loan requests authorized by any person designated on the "Borrowers Telephone/Facsimile Authorization" form.

**Section 15. Expiration; Repayment.** The original term of the Line of Credit shall expire on Demand by Bank. On such date, t no further Advances shall be available to Borrower and the entire outstanding principal balance of the Line of Credit, together with all accrued and unpaid interest thereon and fees and charges owing in connection therewith, shall be immediately due and payable in full.

**Section 16. Account Review.** From time to time the Bank will review your Account and update the information it has concerning your financial condition. You agree to furnish the Bank with whatever information regarding your financial affairs the Bank may then request. The Bank may, at any time, seek information about your financial condition from others and may provide information about your Account to others.

**Section 17. Cancellation by Borrower.** The Line of Credit may be cancelled by Borrower at any time upon written notice to Bank in accordance with the requirements for notice set forth in Section 16. Upon cancellation, the entire outstanding principal balance of the Line of Credit, together with all accrued and unpaid interest thereon and fees and charges owing in connection therewith, shall be due and immediately payable in full.

**Section 18. Financial Information.** So long as the Line of Credit remains available or any indebtedness of Borrower to Bank under the Line of Credit remains outstanding, Borrower shall provide to Bank:

a) not later than ninety (90) days after and as of the end of each of Borrower's fiscal years, (i) a reviewed or audited financial statement in form and substance satisfactory to Bank, prepared by an independent certified public accountant, to include balance sheet, income statement and reconciliation of net worth, or(ii) if Borrower's annual financial statement is not a reviewed or audited financial statement prepared by an independent certified public accountant, a financial statement prepared by Borrower or other party satisfactory to Bank and in form and substance satisfactory to Bank, to include the same exhibits as required in (i), and a complete copy (including schedules) of Borrower's most recently filed federal income tax return;

b) not later than ninety (90) days after and as of the end of each of Borrower's fiscal years, a financial statement of each guarantor of the Line of Credit, and if Borrower is a proprietorship, a financial statement from the owner of Borrower, and if Borrower is a partnership, a financial statement from each general partner and a complete copy (including schedules) of each such guarantor's, owner's or partner's most recently filed federal income tax return; and

c) from time to time such financial and other information as Bank may reasonably request.

**Section 19. Default; Remedies.**

a) Default. The occurrence of any of the following shall constitute an "Event of Default" under this Agreement:

(i) The failure to pay any principal, interest, fees or charges when due under this Agreement.

(ii) The filing of a petition by or against a Borrower or any guarantor of the Line of Credit or any general partner in Borrower under the Bankruptcy Reform Act, Title 11 of the United States Bankruptcy Code, as amended from time to time, or under any similar or other law relating to bankruptcy, insolvency, reorganization or other relief for debtors; the appointment of a receiver, trustee, custodian or liquidator of or for any part of the assets or property of Borrower or any such guarantor or general partner; Borrower or any such guarantor or general partner becomes insolvent, makes a general assignment for the benefit of creditors, or is generally not paying its debts as they come due; or any attachment or like levy on any property of Borrower, any such guarantor or general partner.

(iii) The dissolution or liquidation of any Borrower, any guarantor of the Line of Credit or any general partner in Borrower which is a corporation, partnership or any other type of entity.

(iv) The death or incapacity of any individual borrower, any individual guarantor of the Line of Credit, or any individual general partner in Borrower.

(v) Any changes of ownership of more than twenty-five percent (25%) of the common stock of any Borrower which is a corporation or the resignation or expulsion of any general partner with an ownership interest of twenty-five percent (25%) or more in any Borrower which is a partnership.

CA EXEC DEMAND (2-97)

(vi) Any violation or default of Borrower of any term or condition of this Agreement or any agreement or instrument evidencing the lien of security interest in the Collateral.

(vii) Any default in the performance of any obligations, or any defined event of default, under any provisions of any contract or instrument pursuant to which Borrower has incurred debt or any other liability to any person or entity, including Bank.

(viii) Any sale or transfer of all or a substantial or material part of any assets of Borrower, any guarantor of the Line of Credit or any general partner of Borrower other than in the ordinary course of business.

(ix) Any material adverse change, as determined solely by Bank, in the financial condition of Borrower.

(x) Any injunction (including temporary protective order and temporary restraining order), writ of attachment, writ of possession, writ of execution, judgment, tax assessment, or any involuntary lien or provisional remedy of any kind is issued, filed, recorded, served or levied against Borrower or Borrower's assets or any guarantor of their assets.

(xi) In the event that financial statements, tax returns or other similar records are not delivered to the Bank as required by the loan documents, the Agreement and loan shall be considered in default and the Bank may, in addition to any other remedy available to the Bank, increase the interest rate to 21%. The increased rate shall be in effect until the financial statements, records and tax returns are delivered to the Bank.

(b) Remedies. Upon the occurrence of any Event of Default while the Line of Credit remains available or any indebtedness of Borrower to Bank under the Line of Credit remains outstanding, Bank may, at its sole option, declare the entire balance of principal, interest fees and charges immediately due and payable without presentment, demand, protest or notice of dishonor, all of which are expressly waived by Borrower, and Bank shall have the right to refuse to make any additional Advances to Borrower. Upon such declaration by Bank all unpaid principal and accrued interest shall bear interest at a rate of 21% calculated on the basis of a 360-day year. Bank shall have all other rights, powers, privileges and remedies provided by law. All rights, powers, privileges and remedies of Bank shall be cumulative. No delay, failure or discontinuance of Bank in exercising any right, power, privilege or remedy hereunder shall affect or operate as a waiver of such right, power, privilege or remedy; nor shall any single or partial exercise of any such right, power, privilege or remedy preclude, waive or otherwise affect any further exercise thereof or the exercise of any other right, power, privilege or remedy. Any waiver, permit, consent or approval of any kind by Bank of any default hereunder, or any such waiver of any provisions or conditions hereof, must be in writing and shall be effective only to the extent set forth in writing.

Section 20. The undersigned acknowledge(s) that this Agreement matures upon issuance, and that the Bank, at any time, without notice, and without reason, may demand that this Agreement be immediately paid in full. The demand nature of this Agreement shall not be deemed modified by reference to a Default in this Agreement or in any agreement to a default by the undersigned or to the occurrence of an event of default (collectively an "Event of Default"). For purposes of this Agreement, to the extent there is reference to an Event of Default this reference is for the purpose of permitting the Bank to accelerate indebtedness not on a demand basis and to receive interest at the default rate provided in this document evidencing the relevant indebtedness. It is expressly agreed that the Bank may exercise its demand right under this Note whether or not an Event of Default has occurred. The Bank, with or without reason and without notice, may from time to time make demand for partial payments under this Agreement and these demands shall not preclude the Bank from demanding at any time that this Agreement be immediately paid in full. All payments under this Agreement shall be in immediately available United States funds, without setoff or counterclaim.

Section 21. Notices. All notices, requests and demands required under this Agreement must be in writing and shall be deemed to have been given or made when personally delivered or two (2) days after any of the same are deposited in the U.S. mail, first class and postage prepaid to the address specified below or to such other address as either party may designate by written notice to the other party.

Section 22. Successors; Assigns. This Agreement shall be binding on and inure to the benefit of the heirs, executors, administrators, legal representatives, successors and assigns of the parties. However, Borrower may not assign or transfer its interest or rights hereunder without the prior written consent of Bank.

Section 23. Costs and Attorneys' Fees. Borrower further promises to pay all costs and expenses incurred by Bank as a result of a default by Borrower, including without limitation reasonable attorneys' fees (including those incurred post judgment) and Bank personnel costs.

Section 24. California Law. This Agreement shall be governed by the laws of the State of California.

Section 25. Entire Agreement, Amendment. This Agreement and any renewal notice represent the entire agreement between Bank and Borrower with respect to this Line of Credit and supersede all prior negotiations, communications, discussions and correspondence concerning the matters addressed herein. This Agreement may be amended or modified only by a written instrument signed by both Bank and Borrower, provided however, that the terms of this Agreement may be modified by Bank in a written notice.

Section 26. Account Disclosure. Borrower agrees that Bank can share any and all information relating to Borrower, Borrower's loan and Borrower's relationship with Bank's parent, affiliate, subsidiaries and any service providers.

THE BORROWER AND THE BANK ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF THEIR CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO, THIS NOTE OR THE INDEBTEDNESS.

See Letter Agreement dated February 1, 2002.

Borrower(s):                                            This Agreement is executed as of _February 01, 2002_

Richard Freyler

Ray Freyler

                                                        Comerica Bank - California

                                                        John Herzog, Vice President

                                                        CA EXEC DEMAND (2-97)

RECORDING REQUEST
OLD REPUBLIC TITLE CO.

2) 1671034

RECORDING REQUESTED BY:
AND WHEN RECORDED MAIL TO

Comerica Bank-California
P.O. Box 49032
San Jose, CA 95161-9032
MAIL CODE # 4770

20020 303 02/14/2002 08:30 AM
OFFICIAL RECORDS OF RECORDING FEE: 41.00
ALAMEDA COUNTY
PATRICK O'CONNELL

7 PGS

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

This [ ] is [X] is not a construction deed of trust. If this is a construction deed of trust, then all or some portion of the funds the loan of which is secured hereby are for the purpose of construction or improving real property. This deed of trust may secure obligations which call for payment of interest at a variable interest rate.

THIS DEED OF TRUST is made this _1st_ day of _February, 2002_ , among _Richard Flayler and May Flayler,_ _husband and wife as Community Property._

_94550_ herein called "Trustor", whose address is _83 Mosswood Court, Livermore, CA_ , Comerica Bank-California, a California banking corporation _herein called Trustee" and _Comerica Bank-California_ , a California banking corporation, herein called "Beneficiary".
Trustor irrevocably grants, transfers and assigns to Trustee, in trust and with power of sale, all of the real property in the _City of Livermore_ County of _Alameda_ State of California, described as:

Lot 23, Tract 6175, filed May 21, 1993, Map Book 207, Pages 74-79, inclusive, Alameda County Records.

Excepting therefrom the water rights contained in the Quitclaim Deed to California Water Service Company, recorded August 17, 1993 Series No. 93-293028 official records.

Property Address: 83 Mosswood Court, Livermore, CA 94550
APN: 099-0178-037

Together with all improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Beneficiary to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this deed of trust; and all of the foregoing, together with said property (or the leasehold estate if this deed of trust is on a leasehold) are herein referred to as the "Property".

1. THIS DEED OF TRUST SECURES:
   a. All of the obligations of [X] Trustor [ ] _____

   _____ , herein called "Obligor,
   in favor of Beneficiary or order under the terms of a (check box before and complete applicable provision(s)):

   [ ] Promissory note dated _____ in the original principal sum of _____
   _____ Dollars ($ _____ ),
   with interest thereon at the rate specified therein, [ ] which rate may fluctuate from time to time as provided therein.

   [ ] Guarantee agreement dated _____ relating to the indebtedness of _____
   _____ owed to Beneficiary.

   [X] Revolving Promissory Note dated _February 01, 2002_ , herein called "Agreement." The Agreement provides, among other things, for the payment of all sums advanced by Beneficiary from time to time pursuant to the Agreement, with interest thereon at the rate specified in the Agreement, which rate may fluctuate from time to time as provided therein. The maximum obligation under the Agreement to be secured by this deed of trust at any one time is One Hundred Eighty Five Thousand and no/100 _____ Dollars
   ($ _____185,000.00_____ ) unless Beneficiary, with Trustor's written consent, hereafter increases this amount.

   [ ] _____

# CERTIFICATION OF SERVICE

I, David W. Zittlow, certify that at all times mentioned herein I was over the age of 18, that I was not a party to this action, and my business address is 333 W. Santa Clara St., M/C 4841, San Jose, California 95113

That on the 2nd day of September, 2010, I served the Proof of Claim, to which this Certification is attached, by First Class mail by placing a true copy thereof in a separate envelope for each of the addressees as follows:

Clerk, U. S. Bankruptcy Court
P. O. Box 2070
Oakland, CA 94604-2070

Martha Bronitsky, Trustee
P. O. Box 5004
Hayward, CA 94540-5004

Angie YC Tong, Esq.
The Mlnarik Law Group
2328 Walsh Avenue #H
Santa Clara, CA 95051

Breck E. Milde, Esq.
Terra Law
177 Park Avenue, 3rd Floor
San Jose, CA 95113

I then sealed each envelope and, with postage thereon fully prepaid, deposited each in the United States mail at San Jose, California on September 2, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:        September 2, 2010

DAVID W. ZITTLOW
First Vice President
SPECIAL ASSETS GROUP